## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARC M. LAWRENCE | : | |
| *Plaintiff* | : | |
| | : | |
| VS. | : | C.A. NO. 17-cv-00511 |
| | : | |
| DOWNING DIGITAL HEALTH CARE | : | |
| GROUP, LLC, DOWNING M&A, LLC, | : | |
| 3si INTERNATIONAL, LLC, CLINIFLOW | : | |
| TECHNOLOGIES, LLC, THE WAGNER | : | |
| COMPANIES, ALIAS and DAVID W. WAGNER | : | |
| *Defendants* | : | |

## **COMPLAINT**

## **PARTIES**

1. The Plaintiff, Marc M. Lawrence ("Mr. Lawrence"), is an individual who resides in the City of Santa Rosa Beach, County of Walton, State of Florida.

2. The Defendant, Downing Digital Health Care Group, LLC is a corporate entity and subsidiary of the Defendant, The Wagner Companies, whose principle place of business is located in the City of Providence, County of Providence, State of Rhode Island.

3. The Defendant, 3si International, LLC is a corporate entity and subsidiary of the Defendant, The Wagner Companies, whose principle place of business is located in the City of Providence, County of Providence, State of Rhode Island.

4. The Defendant, CliniFlow Technologies, LLC is a corporate entity and subsidiary of the Defendant, The Wagner Companies, whose principle place of business is located in the City of Providence, County of Providence, State of Rhode Island.

5. The Defendant, The Wagner Companies is a corporate entity with a principle place of business in the City of Providence, County of Providence, State of Rhode Island.

6. The Defendant, David W. Wagner ("Mr. Wagner") is an individual who is the Chairman, Founder and CEO of the Wagner Companies and its various aforementioned entities, who on information and belief, resides in the Town of East Greenwich, in the State of Rhode Island.

## **VENUE AND JURISDICTION**

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) and (a)(1) inasmuch as (i) the amount in controversy is approximately $568,000 and (ii) is between citizens of Rhode Island and Ohio.

8. Venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1331 because this case presents a federal question as relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 206(a).

## **FACTS**

9. Since March 14, 2014, Mr. Lawrence has been employed in various positions with Defendants.

10. Mr. Lawrence has previously served as the President and COO of the following subsidiaries of Wagner Companies, starting in March 2014:

    a. Downing Digital Healthcare Group, LLC
    b. Downing M&A, LLC
    c. 3si International

11. Most recently, Mr. Lawrence has served as either the President or CEO for CliniFlow Technologies, LLC, formerly known as "Downing Acquisition Partners," since January 2016. He currently holds the position of President.

12. Downing Digital Healthcare Group, LLC, Downing M&A, LLC, 3si International, and CliniFlow Technologies, LLC, were/are active holding companies which target technologies that are aligned with many points on the vast continuum of healthcare in today's market. These companies either invest or secure funding for early-stage, commercial-ready technologies, whose purpose is to improve healthcare, both in cost and clinical outcomes.

13. Per his employment contracts, Mr. Lawrence's job responsibilities were generally to:

    a. Manage the company's operations;
    b. Manage the company's acquisition and new investment activities;
    c. Manage the company's strategic partnership activities;
    d. Provide oversight and mentorship to portfolio company sales, marketing, and finance operations;
    e. Contribute to the company's overall fundraising plans, by raising at minimum $1 million dollars [before a certain date as agreed upon in each individual contract].

14. At all material times during his employment with Wagner Companies, Mr. Lawrence has been a dedicated employee, putting the best interests of the companies at the forefront of the performance of his duties as President/COO/CEO.

15. Mr. Lawrence communicated regularly with Mr. Wagner about his ideas for improving administrative functions of the various subsidiaries and suggestions for securing funding, but it was clearly delineated that as Chairman, Founder, and CEO of Wagner Companies, Mr. Wagner was responsible for all decisions regarding the expenditure of funds.

14. During the years 2015, 2016, and 2017, the Defendants failed to pay the entirety of the wages, health care reimbursements and expenses owed to Mr. Lawrence pursuant to his employment contracts.  Specifically,

    a. From 2015, Mr. Lawrence is owed approximately $160,000 in unpaid wages, outstanding healthcare reimbursements, and expenses;
    b. From 2016, Mr. Lawrence is owed approximately $138,000 in unpaid wages, outstanding healthcare reimbursements, and expenses;
    c. Mr. Lawrence has yet to be paid wages in 2017 (approximately $200,000 in unpaid wages) and is additionally owed reimbursement for approximately $20,000 in healthcare costs and $2,000 in expenses.

15. In addition, in 2016, Mr. Wagner was paying part of the wages owed to Mr. Lawrence and was sending e-mails to Mr. Lawrence representing that he was withholding monies for State and Federal taxes from his earnings to be remitted to the taxing authorities.  The amount withheld is approximately $70,000.

16. Mr. Wagner willfully and knowingly failed to remit those amounts withheld from Mr. Lawrence's gross pay to the state and federal government, thus exposing Mr. Lawrence to a substantial tax liability.

## COUNT I
**(Violation of the Fair Labor Standards Act, 29 U.S.C. §206(a) et seq.)**

17. The Plaintiff re-alleges the facts contained in Paragraphs 1-16 as though fully set forth herein.

18. At all relevant times, Mr. Lawrence was employed as the President/CEO/COO of subsidiaries of Wagner Companies and an employee within the scope of 29 U.S.C. §206(a).

19. Mr. Lawrence did not receive compensation in the amounts owed for the years 2015, 2016 and 2017 despite being employed full-time.

20. As a direct and proximate result of the Defendant's conduct, the Plaintiff has not received compensation for his work and has suffered and will suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendant's unlawful conduct in an amount to be proven at trial,

as well as relief directing the Defendant to pay for attorney's fees, costs and interest, and any such further pursuant to 29 U.S.C. §216(b) and such other relief the Court deems just and equitable.

## COUNT II
### (Violation of Rhode Island General Laws §28-12-3(a) et seq.)

21. The Plaintiff re-alleges the facts contained in Paragraphs 1-20 as though fully set forth herein.

22. At all relevant times, Mr. Lawrence was employed as the President/CEO/COO of subsidiaries of Wagner Companies and an employee within the scope of R.I.G.L. §28-12-2(5).

23. Mr. Lawrence did not receive compensation in the amounts owed for the years 2015, 2016 and 2017 despite being employed full-time.

24. The Defendant did not fulfill his obligation to properly manage company funds and also failed to seek out other revenue streams in order to meet his legal obligation to pay Mr. Lawrence a minimum wage.

25. As a direct and proximate result of Defendant's conduct, the Plaintiff has not received compensation for his work and has suffered and will suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendant's unlawful conduct in an amount to be proven at trial, as well as relief directing the Defendant to pay those money damages in an amount up to two (2) times the amount of unpaid wages and/or benefits owned pursuant to R.I.G.L. §28-14-19.2, attorney's fees, and such other relief as this Honorable Court deems just and equitable.

## COUNT III
### (Violation of Rhode Island General Laws §28-14-3.1(a) et seq.)

26. The Plaintiff re-alleges the facts contained in Paragraphs 1-25 as though fully set forth herein.

27. At all relevant times, Mr. Lawrence was employed as the President/CEO/COO of subsidiaries of Wagner Companies and an employee within the scope of R.I.G.L. §28-14-1(2).

28. Mr. Wagner sent Mr. Lawrence emails alleging that he was withholding state and federal taxes from Mr. Lawrence's gross pay.

29. The Defendant did not remit those withholdings to the appropriate state and federal agencies pursuant to R.I.G.L. §28-14-3.1(a).

30. As a direct and proximate result of Defendant's conduct, the Plaintiff incurred substantial tax liability and has suffered and will suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendant's unlawful conduct in an amount to be proven at trial, as well as relief directing the Defendant to pay for attorney's fees, costs and interest in the amount of fifty dollars ($50) per day during the period in which Defendant failed to transfer the funds, pursuant to R.I.G.L. §28-14-19.2, and such other relief as the Court deems just and equitable.

## COUNT IV
### (Intentional Misrepresentation/Fraud)

31. The Plaintiff re-alleges the facts contained in Paragraphs 1-30 as though fully set forth herein.

32. The Defendants' actions in representing that they would pay the Plaintiff, Marc Lawrence wages and then failing to do so constitute fraud and intentional misrepresentation.

33. In addition, the Defendants, Mr. Wagner and CliniFlow, LLC's actions in withholding earnings and then failing to remit the same to the taxing authorities constitutes fraud.

34. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered and will continue to suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendant's unlawful conduct in an amount to be proven at trial, as well as relief directing the Defendant to pay for attorney's fees, costs and interest and such other relief as this Honorable Court deems just and equitable.

## COUNT V
### (Conversion)

35. The Plaintiff re-alleges the facts contained in Paragraphs 1-34 as though fully set forth herein.

36. The Defendants' actions in representing that they would pay the Plaintiff, Marc Lawrence wages and then failing to do so constitute conversion.

37. In addition, the Defendants, Mr. Wagner and CliniFlow, LLC's actions in withholding earnings and then failing to remit the same to the taxing authorities constitute conversion.

38. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered and will continue to suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendant's unlawful conduct in an amount to be proven at trial, as well as relief directing the Defendant to pay for attorney's fees, costs and interest and such other relief as this Honorable Court deems just and equitable.

## COUNT VI
### (Breach of Contract)

39. The Plaintiff re-alleges the facts contained in Paragraphs 1-38 as though fully set forth herein.

40. The Defendants' actions in representing that they would pay the Plaintiff, Marc Lawrence wages and then failing to do so constitute breach of contract.

41. In addition, the Defendants, Mr. Wagner and CliniFlow, LLC's actions in withholding earnings and then failing to remit the same to the taxing authorities constitute breach of contract.

42. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered and will continue to suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendant's unlawful conduct in an amount to be proven at trial, as well as relief directing the Defendant to pay for attorney's fees, costs and interest and such other relief as this Honorable Court deems just and equitable.

## COUNT VII
### (Breach of Obligation of Good Faith and Fair Dealing)

43. The Plaintiff re-alleges the facts contained in Paragraphs 1-42 as though fully set forth herein.

44. In addition to the express contractual provisions of the employment agreement, there is an implied covenant that the parties shall act in good faith, deal fairly with one another, and refrain from undertaking efforts that would deprive the other of the benefits of said agreement.

45. At all times, Plaintiff acted in good faith and dealt fairly with Defendant in connection with his rights and obligations pursuant to the employment agreement.

46. As set forth above, Defendant has failed to act in good faith and deal fairly with the Plaintiff. As a result of his bad faith and fair dealing, Defendant has deprived the Plaintiff of the benefits he was entitled to receive under the employment agreement.

47. As a direct and proximate cause result of the Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages including, without limitation: lost wages, unreimbursed expenses, other consequential damages, and statutory interest.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendant's unlawful conduct in an amount to be proven at trial, as well as relief directing the Defendant to pay for attorney's fees, costs and interest and such other relief as this Honorable Court deems just and equitable.

## COUNT VIII
### (Piercing the Corporate Veil)

48. The Plaintiff re-alleges the facts contained in Paragraphs 1-4 as though fully set forth herein.

49. The totality of the factual circumstances, as described above, indicates that the limited liability entities of The Wagner Companies have been used to defeat public convenience, justify wrong, protect fraud, or defend crime.

50. Given the totality of the factual circumstances, there is such a unity of interest and ownership that the separate personalities of Defendant's, The Wagner Companies, that adherence to the principle of their separate existence would, under the circumstances, result in injustice.

51. Accordingly, Plaintiff invokes the equitable power of this Court to pierce the corporate veils of the limited liability entities of Defendant and holds the Defendant individually liable to Plaintiff for all claimed damages on all causes of action herein asserted.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff money damages resulting from the Defendant's unlawful conduct in an amount to be proven at trial, as well as relief directing the Defendant to pay for attorney's fees, costs and interest and such other relief as this Honorable Court deems just and equitable.

**Plaintiff hereby requests a trial by jury on all counts.**

Plaintiff,
Marc Lawrence,
By his Attorney,

/s/ Kevin M. Daley

_____
Kevin M. Daley, Esq. (4944)
DALEY ORTON, LLC
1383 Warwick Avenue
Warwick, RI 02888
PHONE: (401) 921-5901
FAX: (401) 921-5902
kdaley@daleyorton.com

**November 6, 2017**